PETTIGREW, J.
[! Defendants appeal the trial court’s grant of plaintiffs’ writ of quo warranto. For the reasons that follow, we affirm as amended.
FACTS AND PROCEDURAL HISTORY
This litigation was initiated to challenge the authority of defendants, W.T. Winfield, Alfred C. Williams, G. Thomas Arbour, and Aarolyn Wheeler, to act on behalf of the Community Association for the Welfare of School Children (“the Association”). The Association was incorporated in 1963 to “provide charitable, scientific, and educational services to: promote, encourage, stimulate, and correlate activities growing out of the needs to meet the unmet needs of school children and low to moderate income citizens, and to engage in other community and economic development activities” and to “provide and assist in the provision of a full range of medical, dental, health care and related services in the Baton Rouge Metropolitan Statistical Area ... a total of 9 parishes.” The registered office of the Association was located at 440 North Foster Drive, Baton Rouge, Louisiana.
According to the record, a judgment was rendered on September 13, 2013, in favor of the City of Baton Rouge and the Parish of East Baton Rouge and against the Association in the amount of $34,724.86, together with legal interest and costs. Thereafter, it is alleged that on May 27, 2014, defendants, on behalf of the Association, entered into an agreement with the C.G. Rover Group, Inc. to lease the Association’s North Foster Drive property, with an option to purchase. This action by defendants prompted plaintiffs, Jarvis Ant-wine, Cecil J. Cavanaugh, and the Association, to file suit against defendants on April 23, 2015, requesting a writ of quo warranto, injunctive relief, and an accounting.
Mr. Antwine and Mr. Cavanaugh alleged that they were duly elected mem *457 bers of the Association’s board of directors and that defendants acted without authority to enter the lease on behalf of the Association because they were not duly elected officers. In support of this contention, plaintiffs cited the Association’s articles of incorporation and bylaws. Plaintiffs contended that these documents required that all members of the | aboard of directors should receive notice of any meeting where elections would be held, noting that they had received no such notice.
Plaintiffs prayed that defendants be ordered to show cause:
a. By what authority they are acting as officers of the [Association;]
b. Why they should not be permanently enjoined from acting on behalf of such organization;
c. Why an accounting of all monies received and/or expended in the name of the [Association] should not be rendered to petitioners; and,
d. Why all transactions entered into by the defendants should not be declared null and void.
Defendants answered the petition, denying that they acted without authority on behalf of the Association. They further alleged that the actions they took on behalf of the Association were in keeping with their duties as fiduciaries of the Association to act in good faith.
The matter proceeded to hearing on June 24, 2015, at which time defense counsel attempted to enter a copy of the Association’s bylaws into evidence. Plaintiffs’ counsel objected, citing defense counsel’s failure to lay a foundation for their admission. The trial court sustained the objection and allowed defense counsel to proffer the evidence. Defense counsel did not offer any other exhibits or testimony into evidence at the hearing. Plaintiffs offered the testimony of Mr. Antwine, who indicated that he was the Past President of the Association and had never received notice about any meetings between 2011 and 2014. Mr. Antwine noted that according to his interpretation of the bylaws, he is still an officer as there has been no meeting called for the election of new officers.
Following Mr. Antwine’s brief testimony, plaintiffs’ counsel requested judgment in their favor, noting that defendants had failed to carry their burden of establishing that they were in fact officers of the corporation entitled to act in that capacity. The trial court took the matter under advisement, noting that a written ruling would be fax filed to counsels of record.
IsThe trial court issued a “Ruling on Petition for Writ of Quo Warranto” dated June 24,2015, providing as follows:
Petitioners Jarvis Antoine [sic] and Cecil J. Cavanaugh filed this quo war-ranto petition alleging that as members of the Community Association for the Welfare of School Children, Inc. that the defendants are not duly and lawfully elected officers of the corporation and as such have conducted business on behalf of the corporation unlawfully.
The defendants failed to submit any evidence to the court. The petitioners called Jarvis Antoine [sic] to testify and he testified that to his knowledge he remains a member of the board of directors or officers of the corporation; that he has never resigned that position and has not been replaced pursuant to any election conducted ih accordance with what he believes to be the articles of incorporation and/or by-laws of the corporation.
This Quo Warranto action is governed by the provisions of La. C.C.P. Article 3901, et. seq. This is a summary proceeding with a very limited and narrow scope of inquiry. Specifically, the court’s inquiry is simply whether the defen *458 dants in this action have satisfied their burden of proving by what authority, if any, they have to conduct the official business of the Community Association for the Welfare of School Children.
After consideration of the arguments of counsel, law and evidence, the court finds in favor of the petitioners.
The defendants failed to prove by a preponderance of the evidence at trial what, if any, articles of incorporation or bylaws exist that currently govern the business of the corporation much less whether or not the defendants are duly elected members of the board or officers of the corporation or that they acted in conformity with any such articles or bylaws.
The claims of petitioners are granted and this court, pursuant to the provision of La. C.C.P. Article 3902, hereby orders that the defendants be enjoined and prohibited from conducting any further business in the name of or on behalf of the corporation and further, that an election be declared and held in accordance with the applicable articles of incorporation and/or bylaws within sixty (60) days of the court’s issuance of this ruling.
A judgment shall be submitted in accordance with Uniform District Court Rule 9.6.
On July 13, 2015, the trial court signed a judgment, providing in pertinent part:
Considering the law, evidence and argument of counsel, the Court ruled in favor of the Petitioners, Jarvis Antione [sic] and Cecil J. Cavanaugh and against defendants, W.T. Winfield, Alfred Williams, G. Thomas Arbour, and Aaro-lyn Williams.
IT IS ORDERED, that defendant be enjoined and prohibited from conducting any further business in the name of or on behalf of the Community Association for the Welfare of School Children and, further that an election.be declared and held by Petitioners and held in | ¿accordance with the applicable article of incorporation and/or by-laws within sixty (60) days of the court’s issuance of this ruling.
On August 31, 2015, defendants W.T. Winfield, G. Thomas Arbour, and Aarolyn Wheeler filed a motion for suspensive appeal from the trial court’s July 13, 2015 judgment. The trial court granted defendants' request for a suspensive appeal on September 9, 2015, and ordered defendants to furnish a bond in the amount of $5,000.00.[1] Plaintiffs answered the appeal, seeking damages for what they allege is a frivolous appeal.
RULE TO SHOW CAUSE
On January 29, 2016, this court issued a rule to show cause order citing the following apparent defects in this appeal:
This Court, ex proprio motu, has examined the record in the above matter, finds the following apparent defect(s) in the appeal taken therein, and issues this rule to show cause:
• On July 13, 2015, the Honorable Todd Hernandez signed a judgment which states in pertinent part, “that defendant be enjoined and prohibited from conducting any further business in the name of or on behalf of the Community Association for the Welfare of School Children”. It appears that the July 13, 2015 judgment at issue lacks the specificity required as it refers to defendant rather than de *459 fendants. (See appellate record page 65).
• A Motion for Suspensive Appeal as to this judgment was filed on August 31, 2015. It appears that the Motion for Suspensive Appeal is untimely pursuant to LSA-C.C.P. art. 3612. (See appellate record page 69).
IN CONSIDERATION OF ALL OF THE ABOVE, THE PARTIES ARE HEREBY ORDERED to show cause by briefs on or before March 15, 2016, why this appeal should or should not be dismissed for the reasons cited above.
The parties filed timely show cause briefs, but the issues were never addressed as another panel of this court referred the rule to show cause to the merits panel. Thus, we will address the specificity of the judgment and the timeliness of the appeal now.

Speciñcity of the Judgment

This court’s appellate jurisdiction extends only to “final judgments.” La. Code [bCív. P. art. 2083; Carter v. Williamson Eye Center, 2001-2016, p. 3 (La. App. 1 Cir. 11/27/02), 837 So.2d 43, 44. A final judgment shall be identified as such by appropriate language. La. Code Civ. P. art. 1918. Although the form and wording of judgments are not sacramental, Louisiana courts require that a judgment be “precise, definite and certain.” Laird v. St. Tammany Parish Safe Harbor, 2002-0045, p.3 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365.
The final paragraph of the judgment in this ease indicates that the “defendant be enjoined and prohibited from conducting any further business in the name of or on behalf of the Community Association for the Welfare of School Children,” when there are a total of four defendants in the litigation; the judgment in its current form creates uncertainty about which defendant has been enjoined.. However, both plaintiffs and defendants in their respective show cause briefs inform this court that the use of the singular “defendant” in the judgment was merely a typographical error. In support of their contention, they point out the language in the preceding paragraph of the judgment, ie., “Considering the law, evidence and argument of counsel, the Court ruled in favor of the Petitioners ... and against ... defendants, W.T. Winfield, Alfred Williams, G. Thomas Arbour, and Aarolyn Williams,” and argue that judgment was rendered against all four defendants. They suggest that the judgment was intended to enjoin the actions of all four defendants; it was a mere typographical error that caused the “s” to be left off of “defendant.” We note that the record also supports this contention. Most notably, the trial court’s reasons for judgment refer to. defendants collectively.
To remedy this typographical error, defendants ask this court to use the power vested in it by La. Code Civ. P. art 2164 to revise the judgment to read “defendants,” rather than “defendant.” According to Article 2164, “[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.” Considering the fact that plaintiffs and defendants all agree that the reference to a singular “defendant” rather than “defendants” was merely a typographical error— an assertion that is supported by a plain reading of the judgment — and the fact that the judgment would be sufficiently precise if the language were changed to “defendants,” we deem it | ¿just, legal and proper to revise the judgment on appeal to correct the typographical error in the trial court’s judgment, changing “defendant” to “defendants.”

Timeliness of Appeal

The timeliness of this appeal turns on the question of which appeal delay ap *460 plies to the trial court’s July 13, 2015 judgment. If the 15-day delay provided by La. Code Civ. P. art, 3612 for judgments “relating to a preliminary injunction” applies, this appeal is untimely. However, if the general rules apply, then this appeal could be a timely-filed devolutive appeal. See La. Code Civ. P. art. 2087.
Although we note that the trial court used the word “enjoined” in its judgment when referring to the action of defendants and that plaintiffs requested injunctive relief separate and apart from their request for a writ of quo warranto in their petition, the trial court’s July 13, 2015 judgment appéars to be a judgment on the merits of the petition for quo warranto. The judgment states it is on the petition for writ of quo warranto and grants relief consistent with the grant of a quo warranto writ. See La. Code Civ. P. art. 3902. A judgment that determines the merits in whole or in part is a final judgment. La. Code Civ. P. art. 1841. Thus, the general rules of appeal, establishing thirty-day and sixty-day delays to take an appeal, should apply to this judgment. See La. Code Civ. P. arts. 2123 and 2087.
However, there is one other timeliness issue that must be addressed. In a suspensive appeal, the appellant must file a petition for appeal and furnish the security within the delay allowed in La. Code Civ. P. art. 2123.[2] Clement v. Graves, 2004-1831, p. 5 (La.App. 1 Cir. 9/28/05), 924 So.2d 196, 200. The mandatory language of | ^Article 2123 suggests that there is little room for exceptions. However, the failure to timely file a suspensive appeal bond is not a jurisdictional defect. Where appellants have failed to file the required bond, the suspensive appeal should be converted to a devolutive appeal, as long as appellants have met those requirements. Clement, 2004-1831 at 6, 924 So.2d at 200. In this case, defendants have satisfied the devolutive appeal requirements by filing their motion for appeal within sixty days of delay as required by Article 2087. Thus, we maintain defendants’ appeal as a devolutive appeal.[3]
QUO WARRANTO
Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers. La. Code, Civ. P. art. 3901. When the court finds that a *461 person is holding or claiming office without authority, the judgment shall forbid him to do so. It may declare who is entitled to the office and may direct an election when necessary. La. Code Civ. P. art. 3902. The writ of quo warranto, although required to be instituted by petition, is an extraordinary remedy, which may be tried summarily. See La. Code Civ. P. art. 3781; Clay v. Clay, 389 So.2d 31, 35 (La.1979). The respondent in a quo warranto proceeding has the burden of showing by what authority he or she claims or holds office in the corporation. In re Interdiction of Vicknair, 2001-0902, p. 4 (La.App. 1 Cir. 6/21/02), 822 So.2d 46, 50. The trial court’s factual findings in a quo warranto proceeding are reviewed on appeal under the manifest error/clearly erroneous standard of review. Metro City Redevelopment Coalition, Inc. v. Brockman, 2013-1615, p. 5 (La.App. 1 Cir. 3/21/14), 143 So.3d 495, 498.
|sThe sole assignment of error raised by defendants on appeal challenges the trial court’s grant of relief in this ease as follows: “The trial court erred when it faded to limit the relief granted (i.e. the right to call a new election) to the corporation, but instead also conferred the right to call an election on the two individual plaintiffs.” Defendants do not contest the trial court’s conclusion that they be “enjoined and prohibited from conducting any further business in the name of [the Association].” Rather, defendants allege that the portion of the trial court’s judgment that ordered “an election be declared and held by Petitioners” is beyond the scope of a quo war-ranto proceeding. We disagree.
As previously noted, Article 3902 provides, in pertinent part, “[w]hen the court finds that a person is holding or claiming office without authority, the judgment shall forbid him to do so. It may declare who is entitled to the office and may direct an election when necessary.” Thus, the trial court acted within its authority to order that an election be held in accordance with the Association’s articles of incorporation and bylaws.
ANSWER TO APPEAL
Plaintiffs have answered defendants’ appeal herein, seeking $2,500.00 in damages against defendants for the filing of a frivolous appeal. They assert that defendants’ suspensive appeal is not only frivolous, but that it is an abuse of the appeal process and was filed untimely.
Louisiana Code of Civil Procedure article 2164 provides that an appellate court may award damages, including attorney fees, for a frivolous appeal, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. The courts have been reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. Henkelmann v. Whiskey Island Preserve, LLC, 2013-0180, p. 8 (La.App. 1 Cir. 5/15/14), 145 So.3d 465, 471.
In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for the purpose of delay or that counsel does not sincerely believe in the view of law he advocates. Furthermore, because appeals are favored in our law, | penalties for the filing of a frivolous appeal will not be imposed unless they are clearly due. Id.
We cannot say that this appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates. Thus, considering the arguments asserted by defendants on appeal, we decline to award plaintiffs any damages for frivolous appeal.
*462 CONCLUSION
For the above and foregoing reasons, we maintain defendants’ appeal as a devolu-tive appeal. We amend, in part, the trial court’s July 13, 2015 judgment to provide that “defendants be enjoined and prohibited from conducting any further business in the name of or on behalf of the Community Association for the Welfare of School Children.” In all other respects, the judgment is affirmed. All costs associated with this appeal are assessed against defendants-appellants, W.T. Winfield, G. Thomas Arb-our, and Aarolyn Wheeler.
APPEAL MAINTAINED AS DEVOL-UTIVE APPEAL; JULY 13, 2015 JUDGMENT AFFIRMED , AS AMENDED; RELIEF SOUGHT IN ANSWER TO APPEAL DENIED.

. There is no evidence in the record that a suspensive appeal bond was ever-furnished by defendants.

. Article 2123 provides, in pertinent part, as follows:
A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

. Defendants argue that because plaintiffs failed to file a motion to dismiss pursuant to La. Code Civ. P. art. 2161, their appeal should be maintained as a suspensive appeal as it was filed well within the sixty-day delay period for filing a devolutive appeal. See Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191, 192 (La. 1991). Plaintiffs assert that their answer to the appeal, filed within three days of the lodging of the appeal record with this court, should be tantamount to the filing of a' motion to dismiss defendants’ sus-pensive appeal as untimely. Because we have maintained defendants’ appeal as a devolutive appeal, these arguments are moot.