# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NUMBER 2018 CA 1576

### ROVER GROUP, INC.

### VERSUS

### DR. GARY CLARK, JARVIS ANTWINE, TERRY BONNIE, ERNEST LEBLANC, JR., KASHI SHERMAN, HARRY JOHNSON, INDIVIDUALLY AND AS MEMBERS, DIRECTORS OR OFFICERS OF "NEW COMMUNITYASSOCIATION FOR THE WELFARE OF SCHOOL CHILDREN, INC.", AND G. THOMAS ARBOUR, W. T. WINFIELD, AAROLYN WHEELER, AND THE COMMUNITY ASSOCIATION FOR THE WELFARE OF SCHOOL CHILDREN

Judgment Rendered: **DEC 1 2 2019**

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 645668

Honorable William A. Morvant, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

Terry L. Bonnie
Baton Rouge, LA

Counsel for Defendants/Appellants
Dr. Gary Clark, Jarvis Antwine,
Terry Bonnie, Ernest Leblanc, Jr.,
Kashi Sherman, Harry Johnson,
individually and as members,
directors or officers of "New
Community Association for the
Welfare of School Children, Inc."

Mark V. Marinoff
Baton Rouge, LA

Counsel for Plaintiff/Appellee
Rover Group, Inc.

Preston J. Castille, Jr.
Katia D. Bowman
Baton Rouge, LA

Counsel for Defendants/Appellees
Star Hill Baptist Church, Pastor
Raymond Jetson, Alex Keys, Jason
B. Thrower, and the Deacons of the
Star Hill Baptist Church

David H. Ogwyn
Michael E. Platte
Baton Rouge, LA

Counsel for Defendants/Appellees
G. Thomas Arbour, W T. Winfield
and Aarolyn Wheeler

*************

**BEFORE: WHIPPLE, C.J., MCCLENDON, HIGGINBOTHAM, THERIOT, AND PENZATO, JJ.**

Penzato, J., concurs

Higginbotham J. concurs.

**WHIPPLE, C.J.**

This matter is before us on appeal by appellants, Dr. Gary Clark, Jarvis Antwine, Terry Bonnie, Ernest Leblanc, Jr., Kashi Sherman, and Harry Johnson, individually and as members, directors or officers of Community Association for the Welfare of School Children, Inc., from the trial court's June 13, 2018 judgment. That judgment sustained peremptory exceptions raising the objection of peremption filed by appellees, Star Hill Baptist Church, Pastor Raymond Jetson, Alex Keys, Jason B. Thrower, and the Board of Deacons of Star Hill Baptist Church, and appellee, Rover Group, Inc. The judgment also sustained the peremptory exception raising the objection of preemption filed by defendants, G. Thomas Arbour, W. T. Winfield, and Aarolyn Wheeler. For the following reasons, we affirm in part and vacate in part.

## FACTS AND PROCEDURAL HISTORY

On May 27, 2014, Rover Group, Inc. ("Rover") entered into a Lease with an Option to Purchase with Community Association for the Welfare of School Children ("CAWSC"), a non-profit corporation, through its officers, directors, and/or members G. Thomas Arbour, W.T. Winfield, and Aarolyn Wheeler for property located at 440 North Foster Drive in Baton Rouge ("Rover Lease"). On October 12, 2015, Dr. Gary Clark, Jarvis Antwine, Terry Bonnie, Ernest Leblanc, Jr., Kashi Sherman, and Harry Johnson filed a petition for eviction in Baton Rouge City Court, contending that they owned the North Foster Drive property by virtue of a judgment issued in a Quo Warranto Suit on July 13, 2015 ("Quo Warranto Suit").[1] Although their eviction suit was ultimately dismissed, judgment was issued in favor of Clark, Antwine, Bonnie, Leblanc, Sherman, and Johnson, in the Quo Warranto Suit, providing, in pertinent part, as follows:

---

[1] The Quo Warranto Suit was the subject of the appeal in Antwine v. Winfield, 2015-1850 (La. App. 1st Cir. 9/16/16), 203 So. 3d 454.

3

Considering the law, evidence and argument of counsel, the Court ruled in favor of the Petitioners, Jarvis Ant[wi]ne and Cecil J. Cavanaugh and against defendants, W.T. Winfield, Alfred Williams, G. Thomas Arbour, and Aarolyn [Wheeler].

IT IS ORDERED, that defendant be enjoined and prohibited from conducting any further business in the name of or on behalf of the Community Association for the Welfare of School Children and, further that an election be declared and held by Petitioners and held in accordance with the applicable article of incorporation and/or by-laws within sixty (60) days of the court's issuance of this ruling.

This court amended the judgment only to provide that "*defendants* be enjoined...," finding it just, legal and proper to revise the judgment to correct a typographical error. Antwine v. Winfield, 2015-1850 (La. App. 1ˢᵗ Cir. 9/16/16), 203 So. 3d 454, 459 and 462. The judgment in the Quo Warranto Suit prohibited W.T. Winfield, Alfred Williams, G. Thomas Arbour, and Aarolyn Wheeler from conducting *further* business in the name of CAWSC. Because the Rover Lease was entered into on May 27, 2014, which was prior to the date of the judgment in the Quo Warranto Suit, Rover continued its operation in accordance with its belief that the Rover Lease remained in effect, while Dr. Gary Clark, Jarvis Antwine, Terry Bonnie, Ernest Leblanc, Jr., Kashi Sherman, and Harry Johnson, the new members or officers of CAWSC, maintained that the Rover Lease was a nullity and without effect.

Accordingly, on February 2, 2016, Rover filed the instant injunction and possessory action against Clark, Antwine, Bonnie, Leblanc, Sherman, and Johnson (the "Clark defendants"), individually and as members, directors or officers of a group identifying itself as "New Community Association for the Welfare of School Children, Inc."[2] and against G. Thomas Arbour, W.T. Winfield, and Aarolyn Wheeler (the "Arbour defendants"), who were alleged to be acting as members, directors, and/or officers of CAWSC. Rover also sought declaratory judgment,

---

[2]On November 17, 2016, the trial court granted a motion to strike the petition's reference to the "New Community Association for the Welfare of School Children, Inc."

4

injunctive relief, and damages as a result of the actions of the Clark and Arbour defendants.

In response to the lawsuit filed by Rover, the Clark defendants filed a pleading entitled, "Motion to Correct Parties['] Names in Plaintiff's (Rover Group, Inc.) Petition for Declaratory Judgment, Possessory Action, Injunctive Relief and Damages and Reconventional Demand" ("Clark Reconventional Demand").[3] Although styled as a reconventional demand, the Clark Reconventional Demand actually asserted a reconventional demand against Rover, a cross-claim against the Arbour defendants,[4] and a third-party demand against Star Hill Baptist Church and alleged members of its Board of Deacons, Raymond Jetson, Alex Keys, and Jason B. Thrower ("Star Hill defendants"). In their reconventional demand against Rover, the Clark defendants alleged that the Rover Lease was a nullity, as the Arbour defendants did not have authority and did not comply with requisite corporate formalities to enter into the contract on behalf of CAWSC. Similarly, in the third-party demand, the Clark defendants alleged that the purported donation of property to the Star Hill defendants was a nullity.

On November 16, 2016, the Clark defendants filed a motion to dismiss their reconventional demand without prejudice. However, the order granting the dismissal was not signed until January 26, 2018. In the interim, on December 9, 2016, Rover amended and supplemented its petition, eliminating the Clark and Arbour defendants in the principal action and naming CAWSC as a defendant in their place.[5] In response, CAWSC filed exceptions of no right and no cause of

---

[3]Although not found separately in this designated record, this pleading was attached as Exhibit A to the Arbour defendant's Motion to Strike and contained a file-date stamp which indicates that it was filed into the record. Also, the parties do not dispute that it was filed.

[4]Also included with the Arbour defendants as a defendant in the cross claim was Alfred C. Williams, who is deceased.

[5]Incidental actions survive despite a subsequent motion for dismissal or discontinuance of the principal action. LSA-C.C.P. art. 1039.

5

action, which were denied by the trial court. CAWSC then filed writ applications with this court and the Supreme Court, all of which were denied.

In September of 2017, CAWSC answered Rover's amended and supplemental petition and asserted incidental demands therein. Specifically, CAWSC asserted a third-party demand against W.T. Winfield, alleging that neither he nor Alfred C. Williams (deceased) were authorized to sign the Rover Lease on behalf of CAWSC. CAWSC also reconvened against Rover, seeking various items of damages, including damages for the continued unauthorized possession of the North Foster Drive property at issue in the Rover Lease. Defendants Winfield and Rover both filed answers and affirmative defenses in response to these demands by CAWSC. Subsequently, a peremptory exception of peremption was filed by the Arbour defendants,[6] which exception was later adopted and asserted by Rover. In the exception, Rover and the Arbour defendants contended that any claims asserted by CAWSC on the basis that the Arbour defendants were not authorized to execute the Rover Lease were perempted pursuant to LSA-R.S. 12:208.[7] These exceptions were ultimately set to be heard by the trial court on May 21, 2018.

Although not included in the designated record, on or about February 27, 2018, the previously asserted and voluntarily dismissed third-party demand against

---

[6]Although only Winfield was named as third-party defendant in CAWSC's incidental demand all of the Arbour defendants asserted the objection of peremption.

[7]Louisiana Revised Statute 12:208 provides, in pertinent part, as follows:

A. Invalidity of an act of a corporation, or of a conveyance or transfer of movable or immovable property to or by a corporation, by reason of the fact that the corporation was without capacity or power to perform such act or to make or receive such conveyance or transfer, may be asserted only:

(1) In an action by a member of the corporation to set aside such act, conveyance or transfer, brought within one year after the act was done or the conveyance or transfer was consummated, which time limit shall not be subject to suspension on any ground or interruption on any ground other than timely suit[.]

LSA-R.S. 12:208(A)(1).

6

the Star Hill defendants was purportedly refiled by the Clark defendants.[8] In response, Star Hill filed peremptory exceptions raising the objections of peremption (pursuant to LSA-R.S. 12:208(A)(1)) and no cause of action, urging that all claims asserted against them should be dismissed, with prejudice. The trial court set the Star Hill defendants' exceptions for hearing on May 21, 2018.

On May 11, 2018, CAWSC filed oppositions to the exceptions filed by the Star Hill defendants, the Arbour defendants, and Rover. The Clark defendants filed a motion to continue the May 21, 2018 hearing on the basis that their motion for summary judgment should be heard on the same date as the exceptions. The trial court denied the motion to continue and heard the exceptions raising the objection of peremption. At the conclusion of the hearing, the trial court found that the claims raised against the Star Hill defendants, the Arbour defendants, and Rover were perempted under LSA-R.S. 12:208, and therefore sustained the exceptions. A judgment in conformity with the trial court's rulings denying the motion to continue, sustaining the exceptions, and dismissing the Clark defendants' claims against the Star Hill defendants, the Arbour defendants, and Rover, with prejudice, was signed on June 13, 2018. From this judgment, the Clark defendants appeal,[9] asserting the following assignments of error and issues for review:

---

[8]According to the memorandum in support of the exceptions filed by the Star Hill defendants, the Clark defendants (third-party plaintiffs) "re-filed their reconventional demand." Also, the trial court's reasons for judgment reference pleadings filed by the Clark defendants on March 16, 2016, September 22, 2017, and February 27, 2018, which the trial court noted were improperly styled, inasmuch as they were actually a reconventional demand against Rover, a cross claim against the Arbour defendants, and a third-party demand against the Star Hill defendants. However, on the designated record before us, it is unclear whether the Clark defendants remained in the suit after Rover amended its petition and removed them as defendants in the main demand and after the Clark defendants dismissed their own reconventional demand.

[9]The record on appeal was designated in accordance with the request of appellants herein, the Clark defendants. See LSA-C.C.P. art. 2128.

## ASSIGNMENT OF ERRORS

1. The trial court erred when it applied LSA-R.S. 12:208 where there is no action filed by a member of a nonprofit corporation, CAWSC, against the nonprofit corporation, CAWSC.

2. The trial court erred when it failed to find that the action of W.T. Winfield in signing the purported lease with option to purchase is null and void *ab initio*.[10]

## ISSUES PRESENTED FOR REVIEW

1. Whether the trial court should have denied the peremptory exception of peremption filed by the Appelle [sic] Rover?

2. Whether the trial court should have denied the peremptory exception of peremption filed by G. Thomas Arbour, W.T. Winfield and Aarolyn Wheeler?

3. Whether the trial court should have denied the peremptory exception of peremption filed by Star Hill Baptist Church, Pastor Raymond Jetson, Alex Keys, Jason B. Thrower and the Board of Deacons of Star Hill Baptist Church?

4. Whether the trial court should have granted Appellants, there [sic] motion to continue?

## LAW AND DISCUSSION

The objection of peremption is properly brought through a peremptory exception. LSA-C.C.P. art. 927. Peremption has been likened to the objection of prescription such that the rules governing burdens of proof as to prescription apply to peremption. Straub v. Richardson, 2011-1689 (La. App. 1st Cir. 5/2/12), 92 So. 3d 548, 552, writ denied, 2012-1212 (La. 9/21/12), 98 So. 3d 341, cert. denied, 569 U.S. 918, 133 S.Ct. 1805, 185, L.Ed.2d 811 (2013). While the exceptor bears the burden of proof at the trial of the peremptory exception, the burden shifts to the plaintiff if peremption is evident on the face of the pleadings. Id.

---

[10]While the Clark defendants assign as error the trial court's failure to find the acts of Winfield to be null and void, this issue was not before the trial court at the May 21, 2018 hearing. The issue was raised in the Clark defendants' motion for summary judgment, which was not set for hearing on May 21, 2018. While the Clark defendants sought to continue the hearing on matters set on May 21, 2018 so that the motion for summary judgment could be heard at the same time, the trial court denied the continuance. As discussed below, we find no abuse of discretion in the trial court's denial. Therefore, this argument, raised in a motion for summary judgment not yet heard by the trial court, is not properly before us in this appeal.

Peremption is a period of time fixed by law for the existence of a right. When the peremptive period has run, the cause of action itself is extinguished unless timely exercised. LSA-C.C. art. 3458; State through Div. of Admin. v. McInnis Bros. Const., 97-0742, p. 2 (La. 10/21/97), 701 So. 2d 937, 939. Pursuant to LSA-C.C. art. 3461, peremption cannot be renounced, interrupted, or suspended.

Louisiana Revised Statute 12:208 provides, in pertinent part, as follows:

A. Invalidity of an act of a corporation, or of a conveyance or transfer of movable or immovable property to or by a corporation, by reason of the fact that the corporation was without capacity or power to perform such act or to make or receive such conveyance or transfer, may be asserted only:

(1) In an action by a member of the corporation to set aside such act, conveyance or transfer, brought within one year after the act was done or the conveyance or transfer was consummated, which time limit shall not be subject to suspension on any ground or interruption on any ground other than timely suit[.]

\*    \*    \*

(3) In an action in damages by the corporation or by its receiver, trustee or other legal representative, or by its members, in a derivative or representative suit, against the incumbent or former officers or directors of the corporation.

LSA-R.S. 12:208(A)(1) and (3). A plain reading of LSA-R.S. 12:208(A)(1) demonstrates the peremptive nature of the statute: the statute both creates a right of action and stipulates the delay within which the right may be brought. McInnis Bros. Const., 701 So. 2d at 940-41. Moreover, the one-year period set forth in LSA-R.S. 12:208(A)(1) is not subject to interruption or suspension. However, no time period is provided for bringing an action pursuant to LSA-R.S. 12:208(A)(3).

### Applicability of LSA-R.S. 12:208 to the Action
### (Assignment of Error No. 1, Issues Presented Nos. 1-3)

In their first assignment of error, the Clark defendants maintain that LSA-R.S. 12:208 does not apply when there is no action filed by a member of a nonprofit corporation against the corporation. Specifically, they allege that

9

because the principal action against CAWSC was brought by Rover, who is not a member of CAWSC, LSA-R.S. 12:208 is wholly inapplicable to these proceedings. We disagree.

CAWSC is a Louisiana nonprofit corporation, and the Louisiana Nonprofit Corporation Law, LSA-R.S. 12:201, *et seq.*, is applicable. The defense of *ultra vires* set forth in LSA-R.S. 12:208 provides that the invalidity of an act or a conveyance of immovable property by a corporation, by reason of the fact that the corporation lacked capacity or power to perform such act or conveyance, may only be asserted in four actions. Section 208(A)(1) permits actions brought by members of the corporation. Section 208(A)(1) neither requires that a member bring the principal action (as opposed to an incidental action) nor that the action be brought against the corporation.[11] Further, pursuant to LSA-R.S. 12:208(A)(3), the corporation itself may bring an action for damages against the incumbent or former officers or directors of the corporation.

While this case is procedurally complex, the record clearly reflects that members of CAWSC (namely, the Clark defendants) and the corporation itself (CAWSC) each asserted actions challenging the validity of an act or conveyance of immovable property by CAWSC. First, the Clark defendants asserted incidental actions against Rover, the Arbour defendants, and the Star Hill defendants and alleged that the Rover Lease and the donation of property to Star Hill were invalid. Additionally, Rover later added CAWSC as a defendant in place of the Clark and Arbour defendants. CAWSC then asserted incidental actions against one of the Arbour defendants, Winfield (a former officer of CAWSC), alleging the invalidity of the Rover Lease. Accordingly, LSA-R.S. 12:208 is applicable to these actions brought by the Clark defendants and CAWSC.

---

[11]While LSA-R.S. 208(A)(2) does provide for actions brought by members against the corporation to enjoin the performance of an action or conveyance, this provision is not implicated in the instant proceedings.

10

Nonetheless, based on our review of the limited record on appeal, it is clear that the Clark defendants asserted claims encompassed in LSA-R.S. 12:208(A)(1) against Rover, the Arbour defendants, and the Star Hill defendants. However, these claims were voluntarily dismissed by motion of the Clark defendants, which the trial court granted on January 26, 2018. The record further reflects that prior to the dismissal of their incidental actions, the Clark defendants were removed as defendants in the principal action pursuant to Rover's amended and supplemental petition on December 9, 2016. Rover then named CAWSC as defendant in place of the Clark and Arbour defendants. CAWSC thereafter filed incidental actions against Winfield (one of the Arbour defendants) and Rover on September 22, 2017, to which the Arbour defendants and Rover filed peremptory exceptions of peremption. While the Clark defendants dismissed their action against the Star Hill defendants, a pleading was apparently filed on or about February 27, 2018, which allegedly reasserted claims against the Star Hill defendants and reasserted claims against Rover and the Arbour defendants. While this pleading is not contained in the designated record, the Star Hill defendants filed an exception raising the objections of peremption and no cause of action in response to the February 27, 2018 pleading.

Because the underlying pleading to which the Star Hill defendants lodged their exceptions is not contained in the record designated by the Clark defendants, the Clark defendants present nothing for review as to the merits of this portion of the appeal.[12] While an appellant may designate the record pursuant to LSA-C.C.P. art. 2128, the inadequacy of the record is imputed to the appellant. Garden Park Estates Owners Ass'n, Inc. v. Nuss, 2016-252 (La. App. 5th Cir. 12/7/16), 207 So.

---

[12]We note that to the extent that the February 27, 2018 pleading merely reasserted the Clark defendants' claims against the Star Hill and Arbour defendants and Rover, the trial court did not err in sustaining the exception raised by the Star Hill defendants based on LSA-R.S. 12:208(A)(1).

11

3d 1181, 1183-84. A reviewing court must presume that the trial court's judgment is correct when a designated record does not enable an adequate review of the matter at issue. Id. (citing Noel v. Noel, 2015-37 (La. App. 3rd Cir. 5/27/15), 165 So. 3d 401, 415, writ denied, 2015-1121 (La. 9/18/15), 178 So. 3d 147).

Regarding CAWSC's third-party demand alleging that Winfield was not authorized by CAWSC to enter into the Rover Lease, the Arbour defendants filed a peremptory exception of peremption maintaining that CAWSC's claims were preempted pursuant to LSA-R.S.12:208(A)(1).[13] According to the allegations of CAWSC's third-party demand, Winfield was not authorized by CAWSC to enter into the Rover Lease. If CAWSC's third-party demand was subject to LSA-R.S. 12:208(A)(1), this action would be preempted on the face of the pleading, as the third-party demand indicates that the Rover Lease was signed on May 27, 2014, and the third-party demand was not filed in these proceedings until September 22, 2017. However, CAWSC's action against Winfield is not "an action by a member of the corporation to set aside such act" (i.e., the Rover Lease) under LSA-R.S. 12:208(A)(1). Rather, it is "an action in damages by the corporation [...] against the incumbent or former officers or directors of the corporation" pursuant to LSA-R.S. 12:208(A)(3). CAWSC, the corporation, sued Winfield, a former officer of CAWSC, asserting claims based upon the invalidity of the Rover Lease.[14] Unlike Section 208(A)(1), Section 208(A)(3) does not contain a specific peremptive period or prescribe a time limitation for bringing the action.[15] In light of the failure of the legislature to provide a peremptive period, the time period for bringing an

---

[13]As noted previously, only Winfield was named as third-party defendant in CAWSC's third-party demand; however, all of the Arbour defendants responded by asserting the objection of peremption.

[14]Specifically, CAWSC alleged that Winfield was not authorized by CAWSC to sign the Rover Lease and that the Rover Lease was illegal, null, and void ab initio.

[15]The prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings. Born v. City of Slidell, 2015-0136 (La. 10/14/15), 180 So. 3d 1227, 1232.

action under Section 208(A)(3) (an action for damages by the corporation against the incumbent or former officers or directors of the corporation) cannot be presumed to be peremptive. See Sibley v. Blue Cross Blue Shield of Louisiana, 2013-0924 (La. App. 1st Cir. 3/20/14), 142 So. 3d 1022, 1024-25 (stating that peremptive statutes are strictly construed against peremption and in favor of the claim). Rather, actions brought under Section 208(A)(3) are subject to a prescriptive period, which period is determined by the nature of the action itself and which this court is not called upon to determine at this time. Absent a statutory provision stating that the action brought by CAWSC is subject to peremption, we are constrained to conclude that the trial court erred in sustaining the Arbour defendants' peremptory exception raising the objection of peremption in response to CAWSC's third-party demand for damages.[16] Accordingly, we vacate this portion of the June 13, 2018 judgment.

With respect to the claims brought by CAWSC in its reconventional demand, including claims for damages as a result of Rover's allegedly unauthorized occupancy and use of the property subject to the Rover Lease, LSA-R.S. 12:208 is not applicable. While the underlying transaction or occurrence upon which CAWSC's claims against Rover are based is the Rover Lease, which is alleged to be an invalid act of the corporation, CAWSC's action against Rover is not one within the four actions provided in LSA-R.S. 12:208.[17] The trial court

---

[16]Prescription cannot be supplied by the court, and prescription was not pled by the Arbour defendants. LSA-C.C. art. 3452; LSA-C.C.P. art. 927(B).

[17]Louisiana Revised Statute 12:208 provides as follows:

> A. Invalidity of an act of a corporation, or of a conveyance or transfer of movable or immovable property to or by a corporation, by reason of the fact that the corporation was without capacity or power to perform such act or to make or receive such conveyance or transfer, may be asserted only:
>
> (1) In an action by a member of the corporation to set aside such act, conveyance or transfer, brought within one year after the act was done or the conveyance or transfer was consummated, which time limit shall not be

13

sustained Rover's peremptory exception raising the objection of peremption, which exception was directed to CAWSC's reconventional demand filed on September 22, 2017,[18] and which exception was based on the peremptive nature of an action brought pursuant to LSA-R.S. 12:208. Therefore, the trial court erred to the extent that it sustained Rover's exception to CAWSC's reconventional demand, and we must vacate this portion of the June 13, 2018 judgment.[19]

## Motion to Continue

The Clark defendants allege that the trial court erred in failing to grant a continuance of the hearing on the exceptions. However, a trial court has wide

---

subject to suspension on any ground or interruption on any ground other than timely suit;

(2) In an action by a member against the corporation to enjoin the performance of any act or the transfer of movable or immovable property by or to the corporation. If the unauthorized act, conveyance or transfer sought to be enjoined is being, or is to be, performed or made pursuant to any contract to which the corporation is a party, the court may--if all of the parties to the contract are parties to the action, if the corporation is without capacity or power to perform the act or make or receive the transfer sought to be enjoined, and if the court considers such relief to be equitable--enjoin the performance of such contract, and in so doing may allow to the corporation, or to the other parties to the contract, compensation for any loss or damage sustained by any of them which may result from the action of the court in enjoining the performance of such contract, but anticipated profits to be derived from the performance of the contract shall not be awarded by the court as loss or damage sustained;

(3) In an action in damages by the corporation or by its receiver, trustee or other legal representative, or by its members, in a derivative or representative suit, against the incumbent or former officers or directors of the corporation;

(4) In an action by the state to dissolve the corporation, or to enjoin the corporation from the transaction of unauthorized business.

B. In any action brought pursuant to subsection A(1) or (2) of this section, the plaintiff shall sustain the burden of proof that he has not at any time prior thereto assented to the act, conveyance or transfer in question, and that in bringing the action he is not acting in collusion with officials of the corporation.

[18]Rover adopted the exception filed by the Arbour defendants, and specifically referenced the September 22, 2017 pleading filed by CAWSC.

[19]Moreover, we note that the June 13, 2018 judgment sustaining Rover's exception dismissed the Clark defendants' claims against Rover; however, the relief requested by Rover in its exception did not include a request for such relief, as Rover adopted the Arbour defendants' exception, which only sought dismissal of CAWSC. Rover did not seek dismissal of the Clark defendants independently. Notwithstanding, the Clark defendants did not raise this as an assignment of error, and this court is unable to decipher the actual procedural posture of this case due to the incomplete record designated by the Clark defendants. The inadequacy of the record is imputed to the appellant. Garden Park Estates Owners Ass'n, Inc., 207 So. 3d at 1183-84.

14

discretion in the control of his docket, case management, and the determination of whether a motion for continuance should be granted, and the trial court's ruling will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. Daigle v. Tallow Creek, LLC, 2012-1656 (La. App. 1st Cir. 6/7/13) 2013WL2487746, *5 (unpublished opinion) (citing Willey v. Roberts, 95-1037 (La. App. 1st Cir. 12/15/95), 664 So. 2d 1371, 1374, writ denied, 96-0164 (La. 3/15/96), 669 So. 2d 422; Norwood v. Winn Dixie, 95-2123 (La. App. 1st Cir. 5/10/96), 673 So. 2d 360, 362). Considering the record as designated on appeal, we are unable to conclude that the trial court abused its vast discretion in failing to grant the motion for continuance.

Exception of No Cause of Action and No Right of Action

The Clark defendants also filed peremptory exceptions with this court alleging that Rover's petition did not state a cause of action or a right of action. Provided that the exception is pled prior to the submission of the case and proof of the grounds for the exception are in the record, an appellate court has the discretion to consider a peremptory exception filed for the first time at the appellate level. LSA-C.C.P. art. 2163; Adams v. S. Lafourche Levee Dist., 2015-0507 (La. App. 1st Cir. 6/27/16), 199 So. 3d 20, 24. However, in this limited and purposefully designated record, it is unclear against which pleading the Clark defendants' exceptions are lodged against.[20] Accordingly, we deny the Clark defendants' exceptions on the showing made.

**CONCLUSION**

For the above and foregoing reasons, we vacate those portions of the June 13, 2018 judgment of the trial court granting G. Thomas Arbour, W.T. Winfield,

---

[20]While Rover initially named the Clark defendants in the original petition filed on February 2, 2016, Rover filed a First Amending and Supplemental Petition on December 9, 2016 removing the Clark defendants from the principal demand. The sole remaining defendant in the principal action filed by Rover is CAWSC.

15

Aarolyn Wheeler, and Rover Group, Inc.'s peremptory exceptions raising the objection of peremption. Those portions of the June 13, 2018 judgment, denying the motion to continue filed by Dr. Gary Clark, Jarvis Antwine, Terry Bonnie, Ernest Leblanc, Jr., Kashi Sherman, and Harry Johnson, individually and as members, directors or officers of Community Association for the Welfare of School Children, Inc., and sustaining the peremptory exception raising the objection of peremption filed on behalf of Star Hill Baptist Church, Raymond Jetson, Alex Keys, Jason B. Thrower and the Board of deacons of Star Hill, are hereby affirmed. The matter is remanded to the trial court for further proceedings.

Costs of the appeal are assessed one-half each to appellants, Dr. Gary Clark, Jarvis Antwine, Terry Bonnie, Ernest Leblanc, Jr., Kashi Sherman, and Harry Johnson, individually and as members, directors or officers of Community Association for the Welfare of School Children, Inc., and appellee, Rover Group, Inc.

**PEREMPTORY EXCEPTIONS RAISING THE OBJECTION OF NO CAUSE OF ACTION AND NO RIGHT OF ACTION DENIED ON THE SHOWING MADE; TRIAL COURT JUDGMENT AFFIRMED IN PART AND VACATED IN PART; REMANDED FOR FURTHER PROCEEDINGS.**