NOT DESIGNATED FOR PUBLICATION

# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

### DOCKET NUMBER
### 2021 CA 1365

ROVER GROUP, INC.

VERSUS

DR. GARY CLARK, JARVIS ANTWINE, TERRY BONNIE, ERNEST LEBLANC, JR., KASHI SHERMAN, HARRY JOHNSON, INDIVIDUALLY AND AS MEMBERS, DIRECTORS OR OFFICERS OF "NEW COMMUNITY ASSOCIATION FOR THE WELFARE OF SCHOOL CHILDREN, INC.", AND G. THOMAS ARBOUR, W.T. WINFIELD, AAROLYN WHEELER, AND THE COMMUNITY ASSOCIATION
FOR THE WELFARE OF SCHOOL CHILDREN

Decision Rendered: __APR 0 8 2022__

* * * * *

APPEALED FROM THE
19TH JUDICIAL DISTRICT COURT, SECTION 23
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER 645,668

HONORABLE WILLIAM A. MORVANT, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Terry L. Bonnie<br>Baton Rouge, Louisiana | Attorney for Defendant-Appellant,<br>Community Association for the Welfare<br>of School Children |
| Mark V. Marinoff<br>Baton Rouge, Louisiana | Attorney for Plaintiff-Appellee,<br>Rover Group, Inc. |
| Michael E. Platte<br>Baton Rouge, Louisiana | Attorney for Defendant-Appellee,<br>W.T. Winfield |

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**McDONALD, J.**

The Community Association for the Welfare of School Children, Inc. (CAWSC) appeals a judgment granting summary judgment to Rover Group, Inc. (Rover) and denying summary judgment to CAWSC. After review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We adopt pertinent factual and procedural background from this court's prior opinion in this suit, *Rover Grp., Inc. v. Clark*, 18-1576 (La. App. 1 Cir. 12/12/19), 291 So.3d 699, 702, *writ denied*, 20-00101 (La. 3/9/20), 294 So.3d 481 *(Rover I)*:

> On May 27, 2014, [Rover] entered into a Lease with an Option to Purchase with [CAWSC], a non-profit corporation, through its officers, directors, and/or members G. Thomas Arbour, W.T. Winfield, and Aarolyn Wheeler for property located at 440 North Foster Drive in Baton Rouge ("Rover Lease"). On October 12, 2015, Dr. Gary Clark, Jarvis Antwine, Terry Bonnie, Ernest Leblanc, Jr., Kashi Sherman, and Harry Johnson filed a petition for eviction in Baton Rouge City Court, contending that they owned the North Foster Drive property by virtue of a judgment issued in a Quo Warranto Suit on July 13, 2015 ("Quo Warranto Suit"). Although their eviction suit was ultimately dismissed, judgment was issued in favor of Clark, Antwine, Bonnie, Leblanc, Sherman, and Johnson, in the Quo Warranto Suit[.] …
>
> . . . .
>
> The judgment in the Quo Warranto Suit prohibited W.T. Winfield, Alfred Williams, G. Thomas Arbour, and Aarolyn Wheeler from conducting *further* business in the name of CAWSC. Because the Rover Lease was entered into on May 27, 2014, which was prior to the date of the judgment in the Quo Warranto Suit, Rover continued its operation in accordance with its belief that the Rover Lease remained in effect, while Dr. Gary Clark, Jarvis Antwine, Terry Bonnie, Ernest Leblanc, Jr., Kashi Sherman, and Harry Johnson, the new members or officers of CAWSC, maintained that the Rover Lease was a nullity and without effect.
>
> Accordingly, on February 2, 2016, Rover filed the instant injunction and possessory action against Clark, Antwine, Bonnie, Leblanc, Sherman, and Johnson (the "Clark defendants"), individually and as members, directors or officers of a group identifying itself as "New Community Association for the Welfare of School Children, Inc." and against G. Thomas Arbour, W.T. Winfield, and Aarolyn Wheeler (the "Arbour defendants"), who were alleged to be acting as members, directors, and/or officers of CAWSC. Rover also sought declaratory judgment, injunctive relief, and damages as a result of the actions of the Clark and Arbour defendants.
>
> In response to the lawsuit filed by Rover, the Clark defendants filed a pleading entitled, "Motion to Correct Parties['] Names in Plaintiff's (Rover Group, Inc.) Petition for Declaratory Judgment, Possessory Action, Injunctive Relief and Damages and Reconventional Demand" ("Clark Reconventional Demand"). Although styled as a reconventional demand, the Clark Reconventional Demand actually asserted a reconventional demand against Rover, a cross-claim against the Arbour defendants, and a third-party demand against Star Hill Baptist Church and alleged members of its Board of Deacons, Raymond Jetson, Alex Keys, and Jason B. Thrower ("Star Hill defendants"). In their reconventional demand against Rover, the Clark defendants alleged that the Rover Lease was a nullity, as the Arbour

2

defendants did not have authority and did not comply with requisite corporate formalities to enter into the [Rover Lease] on behalf of CAWSC. Similarly, in the third-party demand, the Clark defendants alleged that the purported donation of property to the Star Hill defendants was a nullity.

On November 16, 2016, the Clark defendants filed a motion to dismiss their reconventional demand without prejudice. However, the order granting the dismissal was not signed until January 26, 2018. In the interim, on December 9, 2016, Rover amended and supplemented its petition, eliminating the Clark and Arbour defendants in the principal action and naming CAWSC as a defendant in their place. In response, CAWSC filed exceptions of no right and no cause of action, which were denied by the trial court. CAWSC then filed writ applications with this court and the Supreme Court, all of which were denied.

In September of 2017, CAWSC answered Rover's amended and supplemental petition and asserted incidental demands therein. Specifically, CAWSC asserted a third-party demand against W.T. Winfield, alleging that neither he nor Alfred C. Williams (deceased) were authorized to sign the Rover Lease on behalf of CAWSC. CAWSC also reconvened against Rover, seeking various items of damages, including damages for the continued unauthorized possession of the North Foster Drive property at issue in the Rover Lease. Defendants Winfield and Rover both filed answers and affirmative defenses in response to these demands by CAWSC. Subsequently, a peremptory exception of peremption was filed by the Arbour defendants, which exception was later adopted and asserted by Rover. In the exception, Rover and the Arbour defendants contended that any claims asserted by CAWSC on the basis that the Arbour defendants were not authorized to execute the Rover Lease were perempted pursuant to LSA-R.S. 12:208. ...

Although not included in the designated record, on or about February 27, 2018, the previously asserted and voluntarily dismissed third-party demand against the Star Hill defendants was purportedly refiled by the Clark defendants. In response, Star Hill filed peremptory exceptions raising the objections of peremption (pursuant to LSA-R.S. 12:208(A)(1)) and no cause of action, urging that all claims asserted against them should be dismissed, with prejudice.

. . . .

[On May 21, 2018, the] trial court ... heard the exceptions raising the objection of peremption. At the conclusion of the hearing, the trial court found that the claims raised against the Star Hill defendants, the Arbour defendants, and Rover were perempted under LSA-R.S. 12:208, and therefore sustained the exceptions. A judgment in conformity with the trial court's [ruling] ... sustaining the exceptions, and dismissing the Clark defendants' claims against the Star Hill defendants, the Arbour defendants, and Rover, with prejudice, was signed on June 13, 2018. (Footnotes omitted.)

*Rover I,* 291 So.3d at 702-04.

The Clark defendants appealed from the June 13, 2018 judgment. On appeal, the *Rover I* court vacated that judgment, insofar as it granted the exceptions of peremption filed by the Arbour defendants and Rover, and remanded the matter to the trial court for further proceedings. *Rover I,* 291 So.3d at 710.

3

While the parties were litigating the issue of peremption, and before the trial court ruled on that issue in the June 13, 2018 judgment, CAWSC[1] filed a motion for summary judgment seeking dismissal of Rover's claims against it. After *Rover I* was decided in December 2019, Rover filed an exception of prescription; a separate cross motion for summary judgment seeking dismissal of CAWSC's reconventional demand; an objection seeking to strike several exhibits CAWSC submitted as summary judgment evidence; and, an opposition to CAWSC's motion for summary judgment. In response, the Clark defendants and/or CAWSC filed numerous oppositions, reply memoranda, and motions.

On May 24, 2021, the trial court held a hearing on several issues, including the cross motions for summary judgment. On June 15, 2021, the trial court signed a judgment: denying CAWSC's motion to continue; denying CAWSC's motion to compel; striking five exhibits included in CAWSC's summary judgment evidence; denying CAWSC's motion for summary judgment; granting Rover's cross motion for summary judgment; granting a declaratory judgment that the Rover Lease was fully enforceable; granting specific performance of the Rover Lease in Rover's favor; and ordering CAWSC to pay Rover $50,000 attorney fees plus costs. CAWSC appealed the June 15, 2021 judgment. After this court questioned the finality of that judgment, the trial court signed an amended judgment on February 8, 2022, the appellate record was supplemented with the amended judgment, and this court maintained the appeal.

On appeal, CAWSC claims the trial court: abused its discretion in denying its motion to continue; erred in deciding a declaratory judgment in summary fashion; erred in granting Rover's motion for summary judgment; and, erred in denying its motion for summary judgment.[2]

---

[1] CAWSC is the party who filed the reconventional demand against Rover, but the motion for summary judgment identifies the mover as "plaintiffs-in-reconvention, Gary Clark, et. al."

[2] On appeal, CAWSC also assigns error to the trial court's denial of its exception of no cause of action. If CAWSC is referencing the trial court's June 28, 2017 denial of its March 23, 2017 exception, the record shows CAWSC sought this court's review of that denial by supervisory writs, and this court denied same. *See Rover, Inc. v. Dr Gary Clark, et al.,* 17-0945 (La. App. 1 Cir. 7/27/17), 2017 CW 0945. In any event, the trial court did not address an exception of no cause of action at the March 24, 2021 hearing or in the June 15, 2021 judgment (amended February 8, 2022), which is the judgment that CAWSC appealed. As a general rule, an appellate court will not consider issues that the trial court did not address or that a party raises for the first time on appeal. *Burniac v. Costner,* 18-1709 (La. App. 1 Cir. 5/31/19), 277 So.3d 1204, 1210. Accordingly, we pretermit this assignment of error.

4

## DENIAL OF MOTION TO CONTINUE

CAWSC contends the trial court abused its discretion in denying its motion to continue the summary judgment hearing, because it did not have adequate time to conduct discovery. However, a trial court has wide discretion in the control of its docket, case management, and the determination of whether a continuance should be granted. *Rover I*, 291 So.3d at 709. An appellate court will not disturb such a ruling unless there is a clear showing the trial court abused its discretion. *Id.* At the beginning of the summary judgment hearing herein, the trial court heard the parties' arguments as to the need for a continuance and noted that the case had been pending for five years and the information CAWSC sought in discovery was its own corporate records. After review, we conclude the trial court did not abuse its discretion in denying the motion to continue.

## SUMMARY JUDGMENT

CAWSC also contends the trial court erred in granting Rover's cross motion for summary judgment, in denying CAWSC's motion for summary judgment, and in deciding Rover's declaratory judgment action "in a summary fashion." We first note that "summary proceedings" and "summary judgment proceedings" are not the same. Summary proceedings are those conducted with rapidity, within court-ordered delays, without citation, and without the observance of the formalities required in ordinary proceedings. La. C.C.P. art. 2591. Conversely, summary judgment proceedings are not conducted with rapidity, but are governed by statutorily-set deadlines, require citation, specific burdens of proof, the filing of specific supporting documentation, and a noticed contradictory hearing. *See* La. C.C.P. art. 966. Simply, there is no prohibition against granting summary judgment in an action for declaratory judgment. *Pride Network, Inc. v. Town of Amite City*, 15-1849 (La. App. 1 Cir. 11/4/16), 2016 WL 6583737, *2 (unpublished). CAWSC's argument to the contrary is without merit.

Where there are cross motions for summary judgment raising the same issues, this court can review the interlocutory denial of a summary judgment in addressing the appeal of the grant of a cross motion for summary judgment. *Huggins v. Amtrust Ins. Co. of Kansas, Inc.*, 20-0516 (La. App. 1 Cir. 12/30/20), 319 So.3d 362, 365. Appellate courts review the grant or denial of a motion for summary judgment *de novo* under the

5

same criteria governing the district court's determination of whether summary judgment is appropriate. *Id.* After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966A(3).

CAWSC's motion for summary judgment sought to have Rover's action dismissed, arguing that CAWSC did not comply with the proper corporate formalities authorizing W.T. Winfield and Alfred C. Williams to sign the Rover Lease, thus rendering the Rover Lease unenforceable. Rover's cross motion for summary judgment sought a declaratory judgment that the Rover Lease was indeed enforceable and ordering CAWSC to specifically perform its obligations under the Rover Lease by conveying the North Foster Drive property to Rover. After a *de novo* review of the admissible summary judgment evidence, as explained below, we conclude the trial court properly granted summary judgment to Rover and properly denied summary judgment to CAWSC.

In support of its cross motion, Rover introduced a copy of the Rover Lease, two letters showing it attempted to exercise its option to purchase the North Foster Drive property, CAWSC's rejection of Rover's attempts to exercise the option, G. Thomas Arbour's affidavit (attaching a transcript of June 29, 2015 meeting at which CAWSC purportedly ratified the Rover Lease), and Caranza J. Guidry's affidavit, who is Rover's president and chief executive officer, explaining Rover's compliance with the Rover Lease and its failed attempts to exercise its option to purchase the North Foster Drive property from CAWSC.

In support of its motion, CAWSC attempted to demonstrate that CAWSC's Articles of Incorporation and Bylaws required the CAWSC Board of Directors to take specified action, including the issuance of a board resolution, authorizing Messrs. Winfield and Williams to execute the Rover Lease on CAWSC's behalf, and without such action, the Rover Lease was unenforceable. However, Rover filed an objection to the admissibility of several of CAWSC's summary judgment exhibits, and the trial court specifically excluded both the CAWSC Articles of Incorporation and the Bylaws (as well as three other documents) for non-compliance with La. C.C.P. art. 966A(4). CAWSC did not challenge

6

the exclusion of these exhibits. Thus, CAWSC's remaining summary judgment evidence consisted solely of the Rover Lease itself and an affidavit by CAWSC Board member Jarvis Antwine. In his affidavit, Mr. Antwine attested that: (1) he has been a member of the CAWSC Board of Directors since 2003; (2) the CAWSC Board of Directors did not vote to authorize Messrs. Winfield and Williams to sign the Rover Lease, and (3) he did not receive a notice for a meeting in reference to CAWSC leasing the subject property to Rover.

However, Mr. Antwine's attestations alone do not create a genuine issue of material fact as to the scope of authority Messrs. Winfield and Williams possessed. Although the terms of CAWSC Articles of Incorporation and Bylaws may have required certain formalities authorizing Messrs. Winfield and Williams to execute the Rover Lease, the trial court struck these two exhibits from CAWSC's summary judgment evidence, and CAWSC cannot rely on these exhibits as proof of any material fact. Further, even though these documents appear elsewhere in the record, we cannot consider those documents in reviewing CAWSC's motion, because they were not specifically filed in support of or in opposition to the Rover or CAWSC motions for summary judgment. *Huggins,* 319 So.3d at 366-67. CAWSC has filed no other summary judgment evidence showing that CAWSC required a specific vote of the CAWSC Board or that a meeting was required before Messrs. Winfield and Williams could bind CAWSC to the Rover Lease.

Moreover, even if CAWSC failed to adhere to required corporate formalities before entering the Rover Lease, Rover's summary judgment evidence demonstrates that the CAWSC Board of Directors in place on June 29, 2015, ratified the Rover Lease, curing any alleged deficiencies in its execution. In his affidavit, Mr. Arbour, a CAWSC board member in 2014 when CAWSC executed the Rover Lease, attested that he was still a CAWSC Board member in June 2015.[3] He further attested that the Rover Lease "was an act of CAWSC" and "was in fact ratified by the Board of Directors of CAWSC, as evidenced by ... [an attached] Certified Transcript of the Minutes of the CAWSC Board meeting of June

---

[3] The June 29, 2015 CAWSC Board meeting occurred before the signing of the July 13, 2015 judgment in the Quo Warranto Suit, wherein W.T. Winfield, Alfred Williams, G. Thomas Arbour, and Aarolyn Wheeler were prohibited from conducting *further* business in CAWSC's name. The Quo Warranto Suit was the subject of appeal in *Antwine v. Winfield,* 15-1850 (La. App. 1 Cir. 9/16/16), 203 So.3d 454.

7

29, 2015." The attached transcript indeed confirms that, on June 29, 2015, several new members were elected to the CAWSC Board of Directors and that board voted to ratify the Rover Lease.

## CONCLUSION

In sum, Rover has submitted valid summary judgment evidence establishing that the Rover Lease was enforceable, and CAWSC has presented no admissible evidence creating a genuine issue of material fact as to the Rover Lease's validity or to the 2015 CAWSC ratification of the Rover Lease. Rover's motion, memorandum, and supporting documents show there is no genuine issue of material fact, and Rover is entitled to summary judgment as a matter of law. *See* La. C.C.P. art. 966A(3). We affirm the trial court's February 8, 2022 amended judgment. We issue this memorandum opinion in compliance with the Uniform Rules – Courts of Appeal, Rule 2-16.1B. We assess costs of the appeal to The Community Association for the Welfare of School Children.

**AFFIRMED.**